NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0009n.06

No. 23-2051

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FAIR HOUSING CENTER OF METROPOLITAN )
DETROIT, )
            )
        Plaintiff-Appellant, )
            )
v. )
            )
AMERICAN HOUSE GROSSE POINTE, LLC; )
AMERICAN HOUSE SENIOR LIVING, LLC, )
            )
        Defendants-Appellees. )

**FILED**
Jan 10, 2025
KELLY L. STEPHENS, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

ORDER

---

Before: MOORE, COLE, and LARSEN, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** The Fair Housing Center of Metropolitan Detroit ("FHC") brought suit against American House Grosse Pointe, a Detroit-area senior living facility, and its parent company (collectively, "American House") alleging violations of the Fair Housing Act and Michigan Persons with Disabilities Act. American House moved for summary judgment, and the district court, determining that FHC had standing to sue but nevertheless could not succeed on the merits, granted summary judgment to the defendants. This appeal followed. Because this case closely mirrors another case recently decided by another panel of this court, we follow that panel's example and **VACATE** the district court's judgment and **REMAND** the case to the district court for further proceedings on the issue of standing.

In *Fair Housing Center of Metropolitan Detroit v. Singh Senior Living, LLC*, __ F.4th __, No. 23-3969, 2025 WL 16385 (6th Cir. Jan. 2, 2025), a case involving the same plaintiff and similar facts, we concluded that a limited remand was appropriate where the district court had

granted summary judgment to the defendants after finding that FHC had demonstrated standing by way of its assertion that it had diverted resources towards its efforts to curtail defendants' allegedly unlawful behavior. *Id.* at *1. Because the district court's finding as to standing was made prior to the Supreme Court's decision in *FDA v. Alliance for Hippocratic Medicine*, 602 U.S. 367 (2024), a case addressing standing doctrine, we reasoned that further development of the record regarding standing was warranted. *Id.* at *2.

The same is true here. The district court granted summary judgment to defendants on November 28, 2023. R. 86 (Op. Granting Summ. J.). *Alliance for Hippocratic Medicine* was decided on June 13, 2024. The parties have not had the opportunity to develop the record accordingly. And although both parties presented supplemental briefing on this question, "we are a court of review, not first view." *United States v. Houston*, 792 F.3d 663, 669 (6th Cir. 2015). The district court is better positioned to "assess the issue of standing anew, in light of *Alliance*, on a fully developed record." *Singh Senior Living*, 2025 WL 16385, at *2.

For the same reasons set forth in *Singh Senior Living*, we **VACATE** the district court's judgment and **REMAND** the case to the district court for further proceedings consistent with this Order. And as we stated in in *Singh Senior Living*, "[w]e express no view on the district court's ruling on the merits." *Id.*